# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60538

EDDIE JOSEPH BROWN,

Plaintiff-Appellant

v.

THERESSIA LYONS; DAWN STOUGH; ROBERT MCCORMICK; MITCH OWEN; DIANNE HERMAN-ELLIS; GEORGE HUFFMAN,

Defendants-Appellees

United States Court of Appeals
Fifth Circuit

**FILED**
June 16, 2017

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:16-CV-145

Before CLEMENT, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Eddie Joseph Brown, Mississippi prisoner # 87813, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his pro se civil rights lawsuit filed pursuant to 42 U.S.C. §§ 1983, 1985(2)-(3), and 1986. Applying 28 U.S.C. § 1915(e)(2)(B)(ii), the district court dismissed Brown's suit for failure to state a claim on which relief may be granted. The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

further denied Brown leave to proceed IFP on appeal, certifying that this appeal was not taken in good faith under § 1915(a)(3).

By moving to proceed IFP in this court, Brown is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). "When [a] prisoner opts to challenge the certification decision, the [IFP] motion must be directed solely to the trial court's reasons for the certification decision." *Id.* In evaluating whether the appeal is taken in good faith, the relevant inquiry is "whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). "[W]here the merits are so intertwined with the certification decision as to constitute the same issue," we may deny the IFP motion and dismiss the appeal sua sponte if it is frivolous. *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

In the brief supporting his IFP motion, Brown describes his suit as asserting that the defendants, which include his defense counsel and the prosecutors involved in his 2012 Mississippi state jury trial and conviction, conspired to deprive him of his liberty without due process by falsely entering an indictment when in fact no grand jury was meeting at the time the indictment was handed down. Brown acknowledges that the district court dismissed his case with prejudice because his claims, if successful, would necessarily imply the invalidity of his still-valid 2012 conviction. Brown fails, however, to assert any substantive challenge to this reasoning by the district court, which also serves as the basis for its lack-of-good-faith certification. Brown has thus failed to brief, and thereby abandoned, any challenge to the district court's certification that his appeal is not taken in good faith. *See*

No. 16-60538

*Baugh*, 117 F.3d at 202; *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (holding that even pro se arguments must be briefed to be preserved).

Brown's sole argument in support of his IFP motion is that the district court was precluded from dismissing his action sua sponte prior to service of process because he had paid a partial filing fee.  However, § 1915(e)(2)(B)(ii) expressly provides that, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid," a complaint filed by a prisoner shall be dismissed by the district court "at any time" upon its determination that, among other things, the action fails to state a claim.  Brown's argument on this point thus clearly lacks merit and does not constitute a nonfrivolous issue for appeal.  *See Howard*, 707 F.2d at 220.

In light of the foregoing, the district court did not err in denying Brown's IFP motion, since his appeal does not involve legal points arguable on their merits and is thus not taken in good faith.  *See id.* at 219-20.  Accordingly, Brown's IFP motion is DENIED and the appeal is DISMISSED AS FRIVOLOUS.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.  The dismissal of the complaint by the district court for failure to state a claim and the dismissal of this appeal as frivolous both count as strikes for purposes of § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).  Brown is WARNED that, if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).